IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CLAUDE JOSEPH HARTMAN, JR.,**

        Plaintiff,

v.                                                                        **CIVIL ACTION NO.: 3:20-CV-226**
                                                                                    **(GROH)**

**CORE ROVER OFFICER,
CAPTAIN PINGLEY,
SUPERINTENDENT, and
COMMISSIONER,**

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 11] on January 19, 2021. Therein, Magistrate Judge Trumble recommends that the Court dismiss the Plaintiff's Complaint [ECF No. 1] with prejudice.[1]

Pursuant to 28 U.S.C. § 636, a party may object to the magistrate judge's findings and recommendations by timely filing written objections. 28 U.S.C. § 636(b)(1)(C). Under this Court's Local Rules of Prisoner Litigation Procedure, the written objections

---

[1] The R&R erroneously cites to the Plaintiff's amended complaint and motion for appointed counsel in making its recommendations. ECF No. 11 at 5. However, because the R&R thoroughly and correctly discusses the Plaintiff's claims, the Court construes these citations as typographical errors.

must identify each portion of the magistrate judge's recommended disposition that is being challenged and must specify the basis for each objection.  LR PL P 12(b).  The Court will then conduct a de novo review of "those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. 636(b)(1)(C); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) (stating that the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The pro se Plaintiff accepted service on January 19, 2021.  ECF No. 11.  The district court clerk filed his objections on February 16, 2021.  ECF No. 17.  However, the envelope containing the Plaintiff's objections was postmarked with the date February 2, 2021.  ECF No. 17-1.  The Court finds that under the prison mailbox rule, the Plaintiff timely filed his objections.  See Houston v. Lack, 487 U.S. 266, 270–72 (1988) (holding that a pro se prisoner's legal document is deemed filed on the date the prisoner delivers it to prison mailroom authorities).

However, the Court is not required to review objections to the magistrate judge's R&R that are not made with "sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).  Thus, "[w]hen a party does make objections, but the[] objections are so general or conclusory that they fail to direct the district court to any specific error by the

2

magistrate judge," the party waives his right to de novo review.  Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009); see id. (stating that objections that do not call the court's attention to "any specific error by the magistrate judge" are vague and conclusory, and do not merit review by the court).  In the absence of specific, written objections, the Court reviews the R&R for clear error, Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the magistrate judge's recommendation.  Camby v. Davis, 718 F.2d 198, 199–200 (4th Cir. 1983).

Here, even under the liberal construction afforded to pro se plaintiffs, the Plaintiff's objections do not specifically challenge any portion of the R&R as required by 28 U.S.C. § 636(b)(1)(C) and Local Rule 12(b) of Prisoner Litigation Procedure.  The Plaintiff does not cite to the R&R at any point in his objections, nor does he address any of Magistrate Judge Trumble's findings or recommendations. See ECF No. 17.  Instead, the Plaintiff's "objections" merely restate the arguments put forth in the complaint.  ECF No. 17 at 1–2.  Because the Plaintiff presents no specific, written objections, the Plaintiff is not entitled to a de novo review of the R&R, and the Court reviews the R&R for clear error.

Upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 11] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein.  Therefore, the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**.  The Plaintiff's Motion for Appointment of Counsel [ECF No. 14] is **DENIED** as **MOOT**.

This matter is **ORDERED STRICKEN** from the Court's active docket.  The Clerk

3

of Court is **DIRECTED** to mail a copy of this Order to the Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

    **DATED:** February 17, 2021

GINA M. GROH<br>
CHIEF UNITED STATES DISTRICT JUDGE